UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

NOLAN KENDRICK BOYINGTON,

    Plaintiff,

v.                                                                  Case No. 3:22cv23314-RV-HTC

ESCAMBIA COUNTY JAIL MEDICAL PROVIDER,

    Defendant.
_____/

REPORT AND RECOMMENDATION

    Plaintiff, a pretrial detainee at the Escambia County Jail ("Jail") at the time he filed suit, initiated this action by filing a civil rights complaint under 42 U.S.C. § 1983 complaining of medical treatment at the Jail.  ECF Doc. 1.  On January 25, 2023, after screening the complaint, the Court found the complaint to be deficient and ordered Plaintiff to file an amended complaint or notice of voluntary dismissal. ECF Doc. 8.  Plaintiff did not comply with that Order.  Thus, on February 22, 2023, the Court entered a show cause order, directing Plaintiff to show cause, by March 7, 2023, why this action should not be dismissed for failure to prosecute and failure to comply with an order of the Court.  Plaintiff has not responded to the show cause

order.  Additionally, a review of the Escambia County Jail online records[1] shows that Plaintiff was released from Escambia County Jail on March 3, 2023.  He has failed to update his address with the Court.

A district court may dismiss an action for a plaintiff's failure to provide the Court with their current address.  *See McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").  Additionally, this Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion."  *Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)).  This is because "even a non-lawyer should realize the peril to her case, when she . . . ignores numerous notices" and fails to comply with court orders.  *Anthony v. Marion Cnty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Dismissal is also appropriate for failure to prosecute.  Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a plaintiff has

---

[1] Available at https://inmatelookup.myescambia.com/smartwebclient/jail.aspx

failed to prosecute the claim, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order.  Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

Accordingly, it is respectfully RECOMMENDED:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute, failure to comply with a Court order, and failure to keep the Court apprised of his address.

2. The clerk be directed to close the file.

DONE AND ORDERED this 14th day of March, 2023.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings

or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:22cv23314-RV-HTC